UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH ANN YOUNG,

              Plaintiff,          1:17-cv-00844-MAT

    -v-                           **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

              Defendant.
_____

## INTRODUCTION

Deborah Ann Young ("Plaintiff"), proceeding *pro se*, sought review from this Court of the Commissioner's decision finding her not disabled under the Social Security Act and denying her application for benefits. On January 10, 2019, the Court affirmed the Commissioner's decision and dismissed Plaintiff's complaint with prejudice. Plaintiff timely filed a motion pursuant to Fed. R. Civ. P. 59(e) to have the Court alter or amend its judgment. The Commissioner filed her opposition on February 20, 2019.

## LEGAL STANDARD

"Motions for reconsideration are strictly evaluated and generally are 'denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Morales v. United States*, No. 09 Civ. 5080(LAP), 2010 WL 4720256, at *2 (S.D.N.Y. Nov. 17, 2010) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257

(2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The decision whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *see also Munafo v. Metro Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). In this Circuit, Rule 59(e) "motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp.2d 390, 391-92 (S.D.N.Y. 2000).

**DISCUSSION**

Plaintiff argues that this Court's Decision and Order rested upon an incomplete record, due to the Commissioner's improper withholding of medical information in their possession. In particular, Plaintiff argues the Commissioner (1) made false statements pertaining to Plaintiff's prior receipt of Supplemental Security Income ("SSI") benefits; (2) withheld medical evidence from the record; and (3) improperly restricted Plaintiff's original application for disability benefits.

For the reasons discussed below, Plaintiff's motion for reconsideration is denied.

**I.   Plaintiff has Not Met the Burden to Justify Reconsideration**

Plaintiff has not demonstrated that there has been a change of controlling law, that there is availability of *new* evidence, or that there was a clear error resulting in a manifest injustice. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

**A.   Plaintiff has Presented No New Evidence**

Plaintiff's submission does not raise a change in the law, nor does she present *new* evidence. Instead, Plaintiff presents evidence in support of her motion that was already part of the administrative record and has already been reviewed and considered by the Court. *Compare* Plaintiff's Motion for Reconsideration (Docket No. 33), Exhibits #1 and #2 *with* Administrative Transcript ("T.") 232-34, 293, 309, 312-13, 349-53, 588, 617, 620, 637-39. In addition to evidence already in the administrative record, Plaintiff also presents a summary of a CT scan performed on October 9, 2009. While the scan summary itself is not part of the administration record, the scan was discussed in depth in the October, 31, 2009 neurologic consultation letter from Dr. Minsoo Kang to Dr. Keith Felstead, which was part of the administrative record. *See* T. 593-94. Accordingly, the Court finds Plaintiff has not presented the availability of new evidence that has not already been considered by the Court.

### B. Plaintiff has Not Demonstrated a Clear Error or Manifest Injustice

Plaintiff contends the Commissioner was present at a "scheduled hearing" in front of this Court on January 10, 2019, in violation of Plaintiff's rights under the First and Sixth Amendments. Plaintiff further argues the electronic signature on the Court's Decision and Order makes the Decision and Order unenforceable as a matter of law. These arguments are without merit.

On January 10, 2019, the Court issued a Decision and Order, granting the Commissioner's motion for judgment on the pleadings and dismissing Plaintiff's complaint against the Commissioner. *See Young v. Berryhill*, No. 1:17-cv-00844-MAT, 2019 WL 156262 (W.D.N.Y. Jan. 10, 2019); (Docket No. 25). No hearing was held and no appearance by either party was made on that date. The Court notes that all motions submitted to the Court are submitted without oral argument, pursuant to the Court's individual rules.[1] Furthermore, notice was provided to Plaintiff on November 8, 2019 confirming receipt of the Commissioner's motion was submitted without oral arguments. *See* Docket No. 24.

As a threshold matter, the Court notes that the Sixth Amendment is not applicable in civil matters. *See* U.S. Const.

---

[1] *See* United States District Court for the Western District of New York, *Hon. Michael A. Telesca*, available at https://www.nywd.uscourts.gov/content/hon-michael-telesca (accessed April 2, 2019).

amend. VI. Accordingly, Plaintiff's assertion her Sixth Amendment rights have been violated is without merit.

Plaintiff has provided no basis for her suggestion that there was a "scheduled hearing" on the day the Court issued its Decision and Order. As there was no hearing and no appearances were scheduled or made, the Court must assume the Plaintiff is basing this argument on a misunderstanding of the judicial process she was entitled to. In any event, Plaintiff has not demonstrated a manifest injustice on these grounds.

Plaintiff further argues that the electronic signature present on the January 10, 2019 Decision and Order renders it unenforceable. Plaintiff is mistaken. The Court's electronic rules direct that orders and judgements of the Court can be signed electronically. *See* U.S. Western District of New York, Administrative Procedures Guide for Electronic Filing (2)(M)(i).[2] Accordingly, the Decision and Order is fully enforceable.

**CONCLUSION**

In sum, the Court rejects Plaintiff's arguments in support of her Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). Plaintiff has not established that there has been an intervening change of controlling law, new evidence supporting her position, or a clear error of law in this Court's original ruling

---

[2]The Court's electronic rules are available at
https://www.nywd.uscourts.gov/sites/nywd/files/administrative%20guide%202018%20March.pdf

so as to warrant the "extraordinary remedy," *In re Health Mgmt Systems, Inc. Sec. Litigation*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (quotation omitted), of relief under Rule 59(e). Accordingly, the Court adheres to its Decision and Order affirming the Commissioner's finding of no disability and dismissing Plaintiff's complaint, with prejudice.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   May 6, 2019
         Rochester, New York